**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MYLIFESTYLE ACCESSORIES, LLC, | Civil Action No. 20-13697 (SDW) (AME) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| VALOR FRACTAL, LLC, HECTOR MIGUEL GARCIA CALDERON, and LUIS MARCELO VIVANCO ALVAREZ, | June 11, 2021 |
| Defendants. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Mylifestyle Accessories, LLC's ("Plaintiff") Motion to Dismiss (D.E. 12) *pro se* Defendant Luis Marcelo Vivanco Alvarez's ("Alvarez") counterclaims (D.E. 7 at 7–8)[1] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and this Court having reviewed the parties' submissions;[2] and

**WHEREAS** on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] Citations to Alvarez's counterclaims, contained within his Answer, are to ECF page numbers.

[2] Alvarez did not file opposition to Plaintiff's motion to dismiss.

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Although *pro se* complaints are "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), they must still "state a plausible claim for relief." *Yoder v. Wells Fargo Bank, N.A*., 566 F. App'x 138, 141 (3d Cir. 2014) (quotation omitted); and

**WHEREAS** the factual allegations provided in Alvarez's Answer are insufficient to support a counterclaim entitling him to relief. This lawsuit arises from Plaintiff's claims that Alvarez and the other defendants solicited and contracted to provide Plaintiff with a million masks and 141,600 units of hand sanitizer during the COVID-19 pandemic, despite having no intention or ability to provide them. (*See* Compl. ¶¶ 1, 14–17.)[3] In his Answer, Alvarez asserts counterclaims for breach of contract, unjust enrichment, and promissory estoppel, (D.E. 7 at 7), but does not allege sufficient facts in support of these claims. His only factual allegations are that Plaintiff cancelled an agreement, resulting in expenses. (*See* D.E. 7 at 8.)[4] Such allegations alone are insufficient to support his claims. *See Oswell v. Morgan Stanley Dean Witter & Co.*, Civ. No. 06-5814, 2007 WL 1756027, at *5 (D.N.J. June 18, 2007) (stating requirements of a breach of contract claim, including facts supporting allegations that the opposing party breached the contract while the claimant performed its obligations under the contract); *Yingst v. Novartis AG*, 63 F. Supp.

---

[3] This Court is not persuaded by Alvarez's assertion that venue is not proper in the District of New Jersey because "the contract was entered in San Diego, California." (D.E. 7 at 4.) The original contract was to produce goods to Union City, New Jersey, (*see* D.E. 12 at Ex. A), and Plaintiff's claims arise from the defendants' alleged failure to deliver those goods to New Jersey. Under 28 U.S.C. § 1391(b)(2), venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The alleged omissions in this case occurred in the District of New Jersey and venue is therefore proper. *See Print Data Corp. v. Morse Fin., Inc.*, Civ. No. 01-4430, 2002 WL 1625412, at *5–6 (D.N.J. July 12, 2002) (finding venue in D.N.J. to be proper where New Jersey plaintiff's lawsuit against California defendants arose from defendants' "failure to follow through on the portions of the agreements that would have required conduct in New Jersey").

[4] The entirety of Alvarez's allegations is that "[c]ancellation of the agreement by Plaintiff resulted in commercially reasonable charges, expenses or commissions incurred by [Alvarez] in stopping delivery, in the transportation, care and custody of goods after the buyer's breach, in connection with return or resale of the goods or otherwise resulting from the breach." (D.E. 7 at 8.)

3d 412, 417 (D.N.J. 2014) (stating requirements of an unjust enrichment claim, including facts supporting allegations that the opposing party received a benefit at the claimant's expense under unjust circumstances); *Scagnelli v. Schiavone*, 538 Fed. App'x 192, 194 (3d Cir. 2013) (stating elements of promissory estoppel, including "a clear and definite promise"); therefore,

      Plaintiff's motion will be **GRANTED** and Alvarez's counterclaims will be **DISMISSED WITHOUT PREJUDICE**.  Alvarez shall have thirty (30) days to amend his counterclaims.[5]  An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:       Hon. André M. Espinosa, U.S.M.J.
            Parties

---

[5] Alvarez states that "Mr. Michael Khoury, Mr. Carlos Dagher and Hector Miguel Garcia Calderon should be added" to this case, without articulating a reason why they are indispensable parties and without stating claims against them. (D.E. 7 at 4, 7–8.)  Notably, Mr. Calderon is already a named defendant in this suit.  To the extent Alvarez wishes to add Mr. Khoury and Mr. Dagher, he should allege facts in support of their joinder in any amended pleading.