NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 16, 2022

Brian M. Gerstein
Garrity Graham Murphy Garofalo & Flinn
425 Eagle Rock Avenue, Suite 202
Roseland, NJ 07068
*Counsel for Defendants Valor Fractal, LLC and Luis Marcelo Vivanco Alvarez*

Robert Joshua Solomon
Callagy Law, P.C.
650 From Road, Suite 565
Paramus, NJ 07652
*Counsel for Plaintiff Mylifestyle Accessories, LLC*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Mylifestyle Accessories, LLC v. Valor Fractal, LLC et al.**
    **Civil Action No. 20-13697 (SDW) (AME)**

Counsel:

Before this Court is Defendants Valor Fractal, LLC ("VF"), and Luis Marcelo Vivanco Alvarez's ("Alvarez") (collectively, "Moving Defendants") Motion to Vacate Default entered against VF on January 29, 2021, and Plaintiff Mylifestyle Accessories, LLC's ("Plaintiff") Motion to Strike Defendant Alvarez's Answer and requests for other relief. (D.E. 41, 45.) Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1391, respectively. This Court, having considered the parties' submissions, has reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons discussed herein, Moving Defendants' motion is **GRANTED**, Plaintiff's Motion to Strike is **DENIED**, Plaintiff's request for default judgment is **DENIED** and the default entered against Defendant Hector Miguel Garcia Calderon on January 29, 2021, is **VACATED** as improperly entered, and Plaintiff's request for leave to file a fee certification is **GRANTED**.

### I. PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the procedural history of this matter and sets forth only the facts necessary and relevant to its decision. Plaintiff filed its complaint in this action in October 2020. (D.E. 1.) Plaintiff's initial attempts to serve VF were unsuccessful, as the company was no longer operating. (D.E. 6-1 ¶¶ 6–8; D.E. 6-7.) VF was served via the Secretary

of State of California in January 2021 but did not answer the Complaint.  (D.E. 6-1 ¶ 12.)  Plaintiff has not filed proof of service on either of the individual defendants.

On January 29, 2021, upon Plaintiff's motion, this Court entered default as to VF.  (D.E. 6.)  A week later, Alvarez, proceeding *pro se*, answered the Complaint and asserted counterclaims.  (D.E. 7.)   On June 11, 2021, this Court granted Plaintiff's motion to dismiss Alvarez's counterclaims.  (D.E. 12, 18–20.)  Over the next several months, Alvarez did not appear for some conferences and did not participate in discovery as ordered.  (*See* D.E. 17, 29, 31, 33.)  Finally, on May 5, 2022, Moving Defendants retained counsel.  (D.E. 35.)  They now move to vacate default entered against VF.  (D.E. 41.)  Plaintiff opposes their motion, cross-moves to strike Alvarez's answer, and requests default judgment against nonmoving defendant Calderon who has never participated in this case. (D.E. 45.)  In the event the default is vacated, Plaintiff requests leave to file a fee certification regarding attorney's fees it expended during the 17 months defendants did not obtain counsel or actively participate in this suit.  (*Id*.)  The parties have completed briefing.  (D.E. 49, 50.)

## II.     DISCUSSION

### A.   Motion to Vacate Default

This Court may "set aside an entry of default for good cause[.]"  Fed. R. Civ. P. 55(c).  In deciding whether to vacate a default, a court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).  This Court disfavors resolving disputes by default, and "the standard for setting aside a default is less stringent than for setting aside a default judgment."  *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citing *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982); *Harad v. Aetna Cas. & Sur. Co.,* 839 F.2d 979, 982 (3d Cir.1988)).

Given Rule 55's liberal standard, this Court is satisfied that there is good cause to vacate the entry of default against VF and allow this dispute to be resolved on the merits.  First, Plaintiff will not be significantly prejudiced if the order is vacated.  Default was entered on January 29, 2021, but Plaintiff has never obtained a default judgment.  Second, Moving Defendants have articulated a viable defense to Plaintiff's claims—namely, that Plaintiff breached and reneged on its purchase agreements with VF after VF had spent $750,000 in reliance on their agreements.  (D.E. 41-2; D.E. 41-4 ¶¶ 14, 16–18.)  Finally, although Moving Defendants admit to a lack of diligence, they have indicated that their failures to properly respond to court orders and defend their interests in this action were not intentional and were due to Alvarez's mistaken decision to proceed *pro se* with no familiarity with the rules of federal procedure in the United States.  (D.E. 41-4 ¶¶ 19–23.)  Examining the record as a whole, the circumstances support granting Defendant's motion.

### B.   Plaintiff's Motion to Strike and Other Requests

Plaintiff moves or otherwise requests that the Court (1) strike Alvarez's answer, (2) enter default judgment against Calderon, and (3) grant leave to file a fee certification regarding attorneys' fees expended in this action during the 17 months in which defendants failed to diligently participate.  (D.E. 45 at 9.)

A court may strike a party's pleadings for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(iii). In deciding whether to impose this or related sanctions which "deprive a party of the right to proceed with or defend against a claim," a district court must consider six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990) (quoting *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) (emphasis omitted). At this stage, this Court does not find such a sanction is warranted. Alvarez acknowledges his mistake in attempting to litigate *pro se*, and there is no evidence of bad faith or willful disregard of this Court's orders. (See D.E. 41-4 ¶¶ 19–23.) The defendants have articulated a defense to Plaintiff's claims that warrants resolution on the merits. The only prejudice Plaintiff asserts is the burden of litigation costs. (D.E. 45 at 8.) To address these concerns, this Court will allow Plaintiff to file a certification for fees incurred during the time period in which the defendants failed to act.

Plaintiff has not filed proof that Calderon was ever served with process. Accordingly, this Court cannot grant Plaintiff's request for default judgment against Calderon,[1] and it must vacate the January 29, 2021, entry of default against Calderon. *See* Fed. R. Civ. P. 60(b)(4); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori,* void, and should be set aside.").

## **CONCLUSION**

For the reasons set forth above, Moving Defendants' Motion to Vacate Default is **GRANTED,** Plaintiff's Motion to Strike is **DENIED**, Plaintiff's request for default judgment as to Calderon is **DENIED** and this Court's prior entry of default against him is **VACATED** as improperly entered, and Plaintiff's request for leave to file a fee certification is **GRANTED**. An appropriate order follows.

\_\_\_/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Hon. André M. Espinosa, U.S.M.J.
    Parties

---

[1] Plaintiff's request for default judgment also does not comply with Rule 55(b), which requires Plaintiff to submit an affidavit showing the amount due. *See* Fed. R. Civ. P. 55(b).